TIMOTHY L. CLARIDY,
Petitioner,

vs.

Crim.No.:07-0244(RDB)

UNITED STATES OF AMERICA,
Respondent.
_____/

**PETITIONER'S MOTION FOR RETURN OF
UNITED STATES CURRENCY AND TANGIBLE PROPERTY
NOW BEING HELD ILLEGALLY AND WITHOUT LEGAL ATTACHMENT
PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE RULE 41(g)**

COMES NOW, Timothy L. Claridy, (hereinafter "Petitioner"), proceeding *pro se*, and hereby respectfully moves this Honorable Court pursuant to Fed.R.Crim.P. Rule 41(g), for an ORDER compelling the government /respondent to return all United States Currency and tangible roperty presently being held illegally and without legal attachment. To show good cause:

**STANDARD OF REVIEW**

The petitioner is a layman of the law and request a liberal construction of the proceedings. *Pro se* litigant filings are to be held to less stringent standards than those drafted by trained counsel. See, e.g., Haines v. Kerner, 404 U.S. 519 (1972).

**BRIEF BACKGROUND**

1. Detective Keith Gladstone was deputized as a federal law enforcement officer and member of the High Intensity Drug Trafficking Area Task Force (HIDTA), in Baltimore, Maryland.

2. On May 16, 2007, deputized Gladstone received a tip from a federal informant that Timothy Claridy who

drove a Porsche Cayenne, sold heroin in the 1500 block of North Barclay Street in the City of Baltimore.

3. Over the next five days, Gladstone stated he observed Claridy drive a Porsche Cayenne onto the 1500 block of North Barclay street and described what he said appeared to be hand to hand transactions. Consequently, he stated he never saw any illegal contraband from his advantage.

4. On May 21, 2007, acting on the information conveyed by the informant, Gladstone secured search and seizure warrants for the Porsche and a residence located at 69 Stemmers Run Road in Baltimore, Maryland.

5. On May 22, 2007, during the early morning, Gladstone and other HIDTA officers and DEA agents followed Claridy for some distance and stopped him in the Porsche, and Claridy was arrested. The vehicle was searched. No contraband was found, but $7,999.00 was recovered from the Porsche Cayenne.

6. Petitioner now seeks return of said currency and tangible property now being held illegally.

## LEGAL STANDARD

7. To prevail on Fed.R.Crim.P. Rule 41(g) motion, a criminal defendant must demonstrate that: (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended. See, Ferreira v. United States, 354 F.Supp.2d 406 (2nd Cir. 2005).

8. In the instant case, deputized Gladstone, HIDTA officers and DEA agents executed a search and sizure warrant on petitioner's vehicle and seized $7,999.00 in currency. The currency was confiscated by federal agents, and is presently being held under federal authority.

9. The currency was introduced during petitioner's trial. However, said currency was not charged in the indictment, nor was it proven to be drug proceeds. Likewise, petitioner was not served with notice of forfeiture.

10. Here, petitioner is being denied the safeguards of the Fifth Amendment, where, petitioner's currency is being held under federal authority without legal attachment. Petitioner's Fifth Amendment right to object to an illegal seizure is being violated.

11. In a proceeding of this nature, the Constitution requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Trust Co., 399 U.S. 306, 314 (1950).

12. The government has had ample opportunity to proceed against said currency, and for whatever the reason

may be, has declined to do so. Thus, federal courts have recognized that once, the government no longer has a need to use evidence, it should be returned. Wilson v. United States, 540 F.2d 1100 (D.C. Cir. 1976) (Rule 41(g) provides that an aggrieved person may seek return of property that has been unlawfully seized, and a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it.) Wilson, supra.

## CONCLUSION

WHEREFORE, Petitioner prays that this Honorable Court forwards an ORDER directing the government to return said currency and tangible property to petitioner, or in the alternitive, ORDER an evidentiary hearing to allow the arties to present evidence in support of their position, and all other relief in the premises.

Respectfully submitted,

*Timothy Claridy*

Timothy Claridy
Reg.#42901-037
USP - Canaan
P.O. Box 300
Waymart, PA 18472

I HEREBY DECLARE, under the penalty of perjury that the foregoing is true and correct. Executed this 9th day of June, 2009.

*Timothy Claridy*
Timothy Claridy, *Pro Se*