IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| V. | * | Crim. No. RDB 07-00244 |
| | * | Civil No. RDB 11-1620 |
| | * | |
| TIMOTHY CLARIDY | * | |

****o0o****

**Government's Response to Defendant's Motion**
**For Relief Under 28 U.S.C. §2255**

Now comes the United States of America by its attorneys, Rod J. Rosenstein, United States Attorney, and Philip S. Jackson, Assistant United States Attorney, and hereby responds to defendant's petition for relief under 28 U.S.C. §2255.

**I. Statement of the Case**

On July 12, 2007, a grand jury returned a superseding indictment charging Timothy Claridy (Claridy) with a) conspiracy to distribute 100 or more grams of heroin in violation of 21 U.S.C. §§ 841 and 846 (Count One), b) possession with intent to distribute 100 or more grams of heroin in violation of 21 U.S.C. § 841 (Count Two), c) unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three), and d) possession of a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Four).

On June 30, 2008, the case proceeded to trial by jury. On July 2, 2008, a jury found Claridy guilty of Counts 1-3, but acquitted him of the crime alleged in Count 4. On September 24, 2008, Claridy was sentenced to concurrent 240-month terms of incarceration and a five (5) year term of supervised release.

From that judgment, Claridy noted a timely appeal. In *United States v. Claridy*, 601 F.3d 276 (2010), the Fourth Circuit Court of Appeals affirmed Claridy's conviction and sentence. The Supreme Court then denied Claridy's petition for *certiorari* (131 S.Ct. 259 (2010)). Claridy subsequently filed the instant petition for relief in a timely manner.

## II.  The Instant Petition

Claridy posits that his trial counsel (Rob Cole, Esq.) failed at his sentencing to effectively represent him in that counsel allegedly failed to properly investigate/assail the applicability of two prior robbery convictions, noted at ¶¶ 38 and 40 of the Presentence Report prepared in this matter.[1] (Defendant's Petition, p. 5)  This failure, according to Claridy, had the ill effect of causing him to be considered an Armed Career Criminal pursuant to 18 U.S.C. §924(e), and thereby enhanced his punishment.

## III.  The Armed Career Criminal Act and Claridy's Criminal Record

Title 18 U.S.C. §924(e), popularly known as the Armed Career Criminal Act (ACCA), mandates a minimum 15-year prison sentence for anyone possessing a firearm (in violation of 18 U.S.C. § 922(g)(1) after three prior convictions for serious drug offenses or violent felonies. The application of this Act is important to Claridy as otherwise the maximum sentence to which he would have been subjected for his conviction on Count Three of the instant Indictment would have been only a ten year term of incarceration, whereas in fact, a twenty year (240 month) term of incarceration was imposed.

---

[1]  Claridy's Presentence Report (PSR) will be filed as a supplement to this response under seal.

As outlined in the instant PSR, Claridy had been previously convicted of five (5) previous crimes that qualified as predicates for ACCA purposes:

    a. a 1989 felony narcotics conviction in the Circuit Court for Baltimore City (¶¶ 31 and 32 of the PSR);

    b. a 1994 robbery with a deadly weapon conviction in the Circuit Court for Baltimore City (¶ 34 of the PSR);

    c. another robbery with a deadly weapon conviction in 1994 in the Circuit Court for Baltimore City (¶ 36 of the PSR);

    d. a 1995 robbery with a deadly weapon conviction in the Circuit Court for Anne Arundel County (Maryland) Circuit Court (¶38 of the PSR); and

    e. another 1995 robbery with a deadly weapon conviction in the Circuit Court for Anne Arundel County (Maryland) Circuit Court (¶40 of the PSR).

Of those prior convictions, Claridy claims that the two 1995 robbery convictions in the Anne Arundel County Circuit Court should not have qualified as predicate convictions under the ACCA as they resulted from *Alford*[2] pleas, and were not supported by "*Shepard*[3] approved documents".(¶38 of the PSR). In failing to bring to the Court's attention these infirmities, Claridy alleges that his trial counsel was deficient.

### IV. Sixth Amendment Legal Principles

The Sixth Amendment of the United States Constitution guarantees the right of defendants in criminal prosecutions to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court

---

[2] *North Carolina v. Alford,* 400 U.S. 25(1970) (authorizing a defendant to waive trial and to consent to punishment without admitting participation in the acts constituting the crime).

[3] *Shepard v. United States*, 544 U.S. 13 (2005).

established a two-prong test by which courts must evaluate ineffective assistance of counsel claims. To obtain reversal of a conviction on ineffective assistance grounds, a defendant must prove: 1) that counsel's performance fell below an objective standard of reasonableness, and 2) that counsel's deficient performance prejudiced the defendant in that such a way that an unreliable or fundamentally unfair outcome resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

As to the first prong, there is a strong presumption that counsel's performance falls within the "wide range of professional assistance"; and the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms, and that the challenged action was not sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). As to the second prong of the *Strickland* test, a defendant shows that he was prejudiced where he demonstrates that "there is reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 380 (1986). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

In sum, in order to establish ineffective representation, a defendant must aver and prove both attorney incompetence and prejudice suffered thereby. *Kimmelman v. Morrison*, 477 U.S. 365, 380 (1986).

With a view to these legal principles, the Government will address Claridy's arguments in this regard.

### IV. Analysis and Argument

A. Assuming *arguendo*, that the two Anne Arundel County robbery convictions did not qualify as ACCA predicates, Claridy suffered no prejudice thereby.

As outlined above, for any claim of ineffective assistance of counsel to be actionable, a defendant must show not only attorney error, but also that he/she was prejudiced thereby. In the instant matter, Claridy can show no prejudice even assuming *arguendo* that trial counsel erred in failing to pursue/investigate the error alleged. As also outlined above, the ACCA's sentencing enhancement provisions kick-in when a defendant has three or more prior narcotics/violent felony convictions. In the instant matter, per the PSR, Claridy has suffered *five* prior such convictions. So that even if the two Anne Arundel County robbery convictions are not counted for ACCA purposes, Claridy still qualifies for enhanced punishment under the ACCA, and thereby faced a minimum mandatory sentence of 15 years incarceration. His sentence was therefore in no way impacted by any alleged attorney error.

Further, it should be noted that Claridy also received concurrent 240 month sentences for his convictions in this matter on the felony narcotics charges alleged in Counts One and Two of the instant Indictment. As the Government had made a timely notice of its intention to seek enhanced punishment under 21 U.S.C. § 851[4], the maximum sentence Claridy could have suffered for those convictions was a 30 year (360 month) term of incarceration pursuant to 21 U.S.C. §841(b)(1)(C). The sentenced imposed on those counts (240 months) was therefore entirely lawful, and they have been in no way assailed by Claridy. Again, even if those Anne Arundel County convictions were discounted, Claridy's 240 month sentence would still stand and he has therefore suffered no prejudice from any alleged attorney error.

---

[4] Based upon his prior 1989 narcotics felony conviction, see paper 49 in the instant matter.

B.  There was no infirmity in the Anne Arundel County robbery convictions that disqualified them from being considered for ACCA purposes, and therefore there was no attorney error.

The lynchpin of Claridy's argument is that trial counsel should have, but failed to challenge the qualification of the two 1995 Anne Arundel County robbery convictions as predicates for ACCA purposes. As outlined below, those convictions were properly considered by this Court to be predicate convictions for ACCA purposes, and therefore counsel did not err in failing to further investigate them.

1. The Pertinent Law

In pertinent part 18 U.S.C. § 924(e) reads :

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

(2) As used in this subsection --

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Under Maryland law, "robbery may be defined as the felonious taking and carrying away of the personal property of another from his person by the use of violence or by putting him in fear." *State v. Gover*, 267 Md. 602, 606, 242 A.2d 378, 380 (1973). The crime of robbery with a

dangerous weapon involves the "intent to rob by means of intimidation produced by the use of a weapon, coupled with the apparent ability to execute the implied threat to use it if resistance is offered." *Jackson v. State*, 231 Md. 591, 594, 191 A.2d 432, 433 (1963). By those explanations, the crime of robbery with a deadly weapon fits squarely in the definition of a "violent felony" in that it "has as an element the use, attempted use, or threatened use of physical force against the person of another."

Claridy's objection to the use of those convictions as ACCA predicates is based a) on his perception that in so concluding, the district court did not have available "*Shepard* approved documents", and b) that those convictions resulted from *Alford* pleas, and therefore cannot be relied upon.

2. *Shepard* Does Not Apply to the Instant Matter.

In assessing whether an offense constitutes an ACCA predicate offense, a court must first utilize the categorical approach. Under that approach, a court analyzes an offense "generically-that is, by relying solely on its essential elements, rather than on the particular underlying facts." *United States v. White*, 571 F.3d 365, 368 (4th Cir.2009). Pursuant to the categorical approach, a federal sentencing court may look only to the fact of conviction and the statutory definition of the offense of conviction to determine whether the offense is a "serious drug offense" or a "violent felony" under the ACCA. *See Shepard v. United States*, 544 U.S. 13, 17 (2005).

Although the Supreme Court has expressed its preference for the categorical approach, that approach does not always reveal the nature of the asserted predicate offense encountered by a sentencing court. Thus, pursuant to the Supreme Court's decisions in *Shepard* and *Taylor v. United States*, 495 U.S. 575 (1990), *when the fact of conviction and the statutory definition of the offense*

7

*are unduly vague or ambiguous*, a sentencing court is entitled to turn to and apply the alternative "modified categorical" approach, whereby it can (in cases where a modified categorical approach is needed) consult certain court records to ascertain whether the crime of conviction is a "violent felony" or not. *Shepard v. United States*, 544 U.S. 13, 26 (2005) (we hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information).

However, as outlined above, there is no ambiguity and no vagueness about the definition of the crime of robbery with a deadly weapon. That crime is categorically a "violent felony", therefore no "modified categorical analysis" is needed, and therefore *Shepard* case is not in play. In this matter and in cases like it, where the crime of conviction is categorically a "violent felony", the fact of conviction is enough without any reference to any other court documents/records. Therefore, Claridy's complaint that the documents used by the Probation Office to describe the crimes of conviction in his PSR were not "*Shepard* approved" is of no moment.

    2.      An *Alford* plea does not render a prior conviction for a crime that is categorically a "violent felony" unqualified for ACCA purposes.

Claridy further complains that because his two 1995 Anne Arundel County robbery convictions were the result of *Alford* pleas, they are not qualified to be counted as ACCA predicate convictions. Government counsel has consulted with USPO Nicole Johnson, who prepared Claridy's PSR, and who was able to find the supporting documents showing Claridy's conviction for the two

1995 Anne Arundel County robberies. The supporting paperwork indeed shows that one (the conviction referenced in ¶ 38) of the two convictions resulted from an *Alford* plea. The documents supporting the other conviction (the one referenced in ¶ 40) show that it was the result of a straight guilty plea.[5] Regardless, for purposes of this argument, the government will assume *arguendo* that both convictions resulted from Claridy's entry of an *Alford* plea.

In *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), the defendant had previously entered an *Alford* plea to three counts of second-degree assault and three counts of unlawfully wearing, carrying, or transporting a handgun. The government sought to use that conviction as a predicate conviction that would trigger an ACCA sentencing enhancement. The Court in *Alston* recognized that under Maryland law second-degree assault encompasses several distinct crimes, some of which qualify as violent felonies and others of which do not. Therefore, the crime of conviction (second degree assault) was not unambiguously a "violent felony". The court found that under such circumstances (i.e. where the crime of conviction was not categorically a "violent felony"), a conviction resulting from an *Alford* plea did not qualify as an ACCA predicate conviction.

However, as outlined above, the instant crimes of conviction involve crimes that are categorically "violent felonies", and therefore *Alston*'s holding does not apply. Accordingly, as there was no basis for this Court to discount those convictions, Claridy's counsel did not fail in his duties to represent Claridy by failing to argue that the two 1995 Anne Arundel County robbery convictions should not be considered by this Court as ACCA predicate convictions.

---

[5] According to USPO Johnson, those records cannot be released except on order of this Court. In weighing this matter, should this Court desire access to those records, government counsel would be available to prepare the appropriate motion and draft order.

## V. Conclusion

For the foregoing reasons, the petitioner's motion for relief under 28 U.S.C. §2255 should be denied.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney


        By:      /s/
        Philip S. Jackson
        Assistant United States Attorney
        36 S. Charles Street, 4th Floor
        Baltimore, Maryland 21201
        (410)209-4848

# CERTIFICATION

It is this 26th day of June, 2012, certified that a copy of the foregoing Government's Response to Defendants' Petition For Relief Under 28 U.S.C. §2255 was mailed postage prepaid to Timothy Claridy, #42901-037, FCI Ray Brook, Ray Brook, NY 12977.

/s/
Philip S. Jackson
Assistant United States Attorney