IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY LEE CLARIDY                    *

     v.                              *          Civil No. RDB-11-2767

UNITED STATES OF AMERICA               *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

UNITED STATES OF AMERICA               *

     v.                              *          Criminal No. RDB-07-0244

TIMOTHY LEE CLARIDY                    *

<u>MEMORANDUM OPINION</u>

The *pro se* petitioner Timothy Lee Claridy ("Petitioner") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 100).   Petitioner challenges his sentence of 240 months over two connected issues. First, he alleges violations of his Sixth Amendment right to effective assistance of counsel, arguing that his trial counsel should have challenged the validity of several of the convictions listed in his Presentence Report. He then claims that this ineffective assistance of counsel led to a wrongful application of 18 U.S.C. § 924(e), known as the Armed Career Criminal Act, to his conviction for unlawful possession of a firearm by a convicted felon. Petitioner argues that the maximum sentence that could have been imposed in his case is 120 months, and that this Court wrongfully imposed a 240-month sentence in part due to the fifteen-year minimum mandated by the ACCA.

Upon reviewing Petitioner's Motion and the Government's opposition thereto (ECF No. 105), this Court finds that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2010).  For the

reasons stated below, Petitioner's Motion to Vacate, Set Aside, or Correct Illegal Sentence is DENIED.

BACKGROUND

On July 2, 2008, a jury found Petitioner guilty of one count of conspiracy to distribute 100 or more grams of heroin in violation of 21 U.S.C. §§ 841 and 846, one count of possession with intent to distribute 100 or more grams of heroin in violation of 21 U.S.C. § 841, and one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 61).  On September 24, 2008, this Court sentenced Petitioner to three concurrent 240-month terms of incarceration and five years of supervised release.  (ECF No. 66).

The facts for the case are taken from the Government's Response to the defendant's pretrial motions.  (ECF No. 35).  In May 2007, Baltimore City narcotics detectives conducted surveillance of Petitioner due to his suspected narcotics-related activities.  *See* Government's Resp. to Def.s' Pretrial Mots. at 2-3.  The detectives watched Petitioner meeting another individual on five occasions, wherein Petitioner would enter a vehicle for a short period of time and then leave.  *Id.* at 3.  The officers would then observe Petitioner meeting other individuals in the area and handing out items in a manner and environment known to indicate potential narcotics distribution.  *Id.*

On May 17, 2007, Petitioner met with an individual, later identified as Flora Lynette Jones ("Jones"), on the 1500 block of Barclay Street in Baltimore City.  *Id.*  After monitoring several meetings between the two, Baltimore City detectives followed Jones.  *Id.*  Jones eventually parked her car and entered a building at 69 Stemmers Run Road in Essex, MD.  *Id.* at 4.  In the several days following this incident, the detectives saw Petitioner entering the same

building on two separate occasions.  *Id.*  A search warrant was then obtained in the District of Maryland for the Stemmers Run Road residence and Petitioner's vehicle.  *Id.*

On May 22, 2007, police officers observed Petitioner leaving the Stemmers Run Road residence and detained him as he was driving away.  *Id.*  The officers read Petitioner his *Miranda* rights, and Petitioner acknowledged them.  *Id.*  Police officers conducted a search of Petitioner and found a key that unlocked the Stemmers Run Road residence.  *Id.*  The officers then executed the warrant and searched Petitioner's vehicle, in which they found two stacks of United States currency in excess of $5000.00.  *Id.* at 5.  Police officers then searched the residence and found, on the second floor, a loaded handgun and plastic bag containing a substance later determined to be heroin.  *Id.* at 4-5.

On May 23, 2007, Petitioner made his initial court appearance and was committed.  (ECF Nos. 2, 4).  On May 30, 2007, Petitioner was indicted on one count of conspiracy to distribute 100 or more grams of heroin in violation of 21 U.S.C. §§ 841 and 846 ("Count One") and one count of possession with intent to distribute 100 or more grams of heroin in violation of 21 U.S.C. § 841 ("Count Two").  (ECF No. 7).  An arraignment on both counts was held on June 7, 2007.  (ECF No. 8).  On July 12, 2007, a superseding indictment added charges of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count Three") and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count Four").  (ECF No. 14).  A rearraignment to include these new counts was held on August 17, 2007.  (ECF No. 17).  Petitioner pled not guilty as to all four counts.  *Id.*

A three-day jury trial took place from June 30, 2008 to July 2, 2008.  (ECF No. 52).  On July 2, 2008, the jury found Petitioner guilty of Counts One, Two, and Three, and not guilty of Count Four.  (ECF No. 61).  On September 24, 2008, this Court sentenced Petitioner to three

twenty-year periods of incarceration, to be served concurrently, and five years of supervised release.  (ECF No. 66).  Judgment was entered on September 30, 2008.  (ECF No. 70).  Petitioner appealed this judgment, and the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence.  *See United States v. Claridy*, 601 F.3d 276 (4th Cir. 2010), *cert. denied*, 79 USLW 3202 (U.S. Oct. 4, 2010) (No. 10-5215).  On September 28, 2011, Petitioner filed the pending Motion to Vacate under 28 U.S.C. § 2255.  (ECF No. 100).  In his Motion, Petitioner argues that he received unconstitutionally ineffective assistance of counsel.  Petitioner claims that his counsel unreasonably failed to attack his robbery convictions listed in his Presentence Report.  Petitioner states that this Court's calculation, based in part on these convictions, led to a higher sentence than what was allowed by statute.  Upon review, this Court finds that Petitioner received reasonable assistance from counsel and suffered no prejudice; thus his Motion to Vacate is DENIED.

STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  In order to establish a claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).  First, Petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness."  *Id.* at 688.  In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that a counsel's actions fall within the "wide range of reasonable professional assistance."  *Id.* at 689.  Second, Petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial."  *Id.* at 687.  In order to establish this level of prejudice, petitioner

must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *See id.* at 687.

ANALYSIS

I.      Petitioner suffered no prejudice as a result of any alleged deficiencies in representation by his counsel.

Petitioner alleges that his counsel performed deficiently by failing to properly investigate and challenge the applicability of two prior Anne Arundel County robbery convictions listed in his Presentence Report.  Petitioner believes that these prior convictions caused him to qualify as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA mandates a fifteen-year minimum prison sentence for anyone "who violates section 922(g) of [Title 18] and has three previous convictions by any court referenced in 922(g)(1) of [Title 18] for a violent felony or serious drug offense, or both, committed on occasions different from one another . . . ."  18 U.S.C. § 924(e).  In this case, a jury convicted Petitioner of violating section 922(g)(1) of Title 18, which makes it unlawful for a person who has been convicted of a felony to possess a firearm.  Petitioner states that his two Anne Arundel County robbery convictions should not have been used as ACCA predicates, because they were the result of *Alford*[1] pleas and were not supported by "*Shepard* approved documents."[2]  Pet'r's Mot. at 5.

---

[1]      *North Carolina v. Alford*, 400 U.S. 25 (1970).   An *Alford* plea is a plea agreement in which a defendant pleads guilty, but still maintains his innocence of the charge. *See id.* at 37.

[2]      The Armed Career Criminal Act defines a violent felony in two ways.  The preferred framework for addressing whether a prior conviction qualifies as a violent felony is the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990).  Under the categorical approach, the Court need not delve into the facts of the prior conviction, but need only look at the statutory definition of that prior offense.  However, this categorical approach has an exception, which allows review of other documents involved in the prior conviction that might reveal the facts on which the conviction rested.  *Shepard v. United States*, 544 U.S. 13, 20-21 (2005).  Under this modified categorical approach set forth in *Shepard*,

Petitioner posits that, but for his counsel's failure to assail these two violent felony convictions, the maximum prison sentence he could have received for his conviction for unlawful possession of a firearm was ten years.

Petitioner's argument regarding the Anne Arundel County convictions fails the second prong of the *Strickland* test.  The second prong requires Petitioner to show that he suffered actual prejudice due to his counsel's alleged ineffective assistance.  *Strickland*, 466 U.S. at 697.  If Petitioner is unable to meet this burden in proving prejudice, the "reviewing court need not consider the performance prong" of *Strickland*.  *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).  In this case, Petitioner is unable to demonstrate that his counsel's failure to object to these two convictions would have changed the outcome of his case, because he has sufficient other convictions for serious drug offenses or violent felonies such that he would fall under the ACCA regardless of a challenge to these convictions.  Petitioner's record includes three other convictions for offenses that would qualify him as an Armed Career Criminal.  On August 31, 1989, Petitioner was convicted of a felony narcotics violation in the Circuit Court for Baltimore City, for which he received a four-year sentence with three years suspended.  *See* Presentence Report at 5.  On September 13, 1994, Petitioner was convicted of two separate robberies with a deadly weapon in the Circuit Court for Baltimore City, with each conviction resulting in a twenty-five-year sentence.  *See id.* at 6.  Thus, Petitioner falls under the ACCA even without considering the two other robberies that took place in Anne Arundel County.  For this reason, Petitioner suffered no prejudice from his counsel's failure to contest those two convictions.

---

courts may address whether "*Shepard* approved" materials exist to support a finding of a violent offense. *See* discussion, page 8.

Furthermore, Petitioner is unable to show that he could have received only a maximum ten-year sentence.  Petitioner claims that, due to a misapplication of the ACCA, he received a sentence that was ten years greater than the sentence that is statutorily allowed under 18 U.S.C. § 922(g).  This is a mischaracterization of the terms of Petitioner's sentence, because his two convictions for narcotics-related offenses, which yielded an effective sentence of twenty years, were entirely separate from ACCA considerations.  The Government properly sought to enhance Petitioner's punishment for the two narcotics charges under 21 U.S.C. § 851 because Petitioner was a previous narcotics offender. This made the statutory maximum sentence that Petitioner could face for each narcotics charge to be thirty years.  *See* 21 U.S.C. § 841(b)(1)(C).  In this case, this Court imposed concurrent twenty-year terms for each narcotics conviction, therefore giving Petitioner an effective term of twenty years despite the sixty-year maximum sentence that could have been imposed for his drug-related crimes.

The fact that this Court gave Petitioner a twenty-year term does not demonstrate that he suffered undue prejudice with regard to his period of incarceration.  Petitioner emphasizes the alleged impropriety in this Court's application of the ACCA, yet Petitioner's Armed Career Criminal status is relevant only to his conviction for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  As explained above, even if the ACCA did not apply in this case and the maximum term for Petitioner's firearms charge was only ten years, Petitioner would have faced a maximum of seventy years in prison for his three convictions. In other words, this Court still could have, and would have, sentenced Petitioner to an effective term of imprisonment of twenty years.  Therefore, Petitioner did not suffer any prejudice.

II.    <u>Petitioner's counsel was entirely reasonable in not assailing Petitioner's four prior robbery convictions that this Court properly considered as ACCA predicates.</u>

Even if Petitioner met his burden of proof in demonstrating prejudice, his argument also fails the first prong of the *Strickland* test.  The first prong of the test requires that Petitioner show that his counsel's representation fell below "an objective standard of reasonableness."  466 U.S. at 687-91.  Petitioner has a large burden to overcome, because there is a strong presumption that counsel's conduct was within the "wide range of reasonable professional assistance." *Id.* at 689. In this case, Petitioner claims that his four robbery convictions cannot serve as ACCA predicate offenses because "the government produced no *Shepard* approved documentation to even establish the [existence] of these convictions or [their] applicability."  Pet'r's Mot. at 10. Petitioner then argues that his counsel did not provide effective assistance, because he did not challenge the government's failure to provide such documentation.  *Id.*

The ACCA, under section 924(e)(2)(B)(i), defines a "violent felony" as being a crime that is "punishable by a term of imprisonment exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against another person."  When determining whether the ACCA considers a crime as a violent felony, a court first analyzes the offense by its essential elements through a categorical approach.[3]  In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court addressed the level of documentation necessary to determine whether a particular conviction counts towards one's Armed Career Criminal status when it is unclear whether the crime of conviction is a serious drug offense or violent felony within the meaning of the statute.  Therefore, *Shepard* only applies when the fact of conviction and the statutory definition of the offense are unduly vague or ambiguous.  *See id.*  When such ambiguities exist,

---

[3]    *See United States v. White*, 571 F.3d 365, 368 (4th Cir. 2009).  The categorical approach refers to analyzing an offense using the essential elements of the crime, rather than the underlying facts of the case, when determining if it constitutes a violent felony or serious drug offense that falls under the ACCA.  *See id.*

*Shepard* requires that courts undertake a modified categorical approach in determining ACCA predicate crimes. *See id.* This modified categorical approach makes use of the particular facts underlying a conviction in establishing whether the specific offense meets one of the elements that makes a crime a serious drug offense or violent felony under the ACCA. *See id. Shepard* holds that, in such situations, the facts used to determine ACCA predicate status is "limited to the terms of the charging document, the terms of a plea agreement . . . or to some comparable judicial record of this information." *Id.* at 26.

In Petitioner's case, there is no ambiguity that would require the use of the documentation that *Shepard* describes. All four of Petitioner's convictions that this Court considered are robberies with a deadly weapon, which are crimes that inherently involved force or the threat of force against another person. *See Taylor v. United States*, 495 U.S. 575, 581-588 (1990) (discussing the history behind the ACCA and how Congress expanded the definition from robbery and burglary to include a wider range of crimes). Consequently, *Shepard* does not apply to this case, and the additional documentation that Petitioner presses for is not required. Petitioner's counsel made no error when he did not assail the convictions for lack of *Shepard* documents and, therefore, his conduct was objectively reasonable.

Petitioner also asserts that his two Anne Arundel County robbery convictions cannot count as ACCA predicates, because they resulted from *Alford* pleas. Pet'r's Mot. at 4, 10. Petitioner cites *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), as supporting his proposition that such convictions cannot be utilized. *Id.* However, *Alston* does not prevent convictions obtained via *Alford* pleas from being used as predicate crimes for the ACCA. Rather, *Alston* addressed a situation where it was ambiguous whether a particular conviction for second-degree assault under an *Alford* plea constituted a "violent felony." *See* 611 F.3d at 222-23. In this case, it is

indisputable that the two Anne Arundel robbery convictions are "violent felonies," even if such convictions were obtained through *Alford* pleas.  *See Taylor*, 495 U.S. at 581-88.[4]

CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Illegal Sentence is DENIED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2000).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:  January 16, 2013

_____/s/_____
Richard D. Bennett
United States District Judge

---

[4]     This Court also notes Petitioner's claim that his two Baltimore City robberies should not be counted as separate predicates for the ACCA simply because there was no "intervening arrest" between the two crimes.  *See* Pet'r's Mot. at 9.  This argument has no merit.  Regardless of the time of arrest for each crime, they were charged separately and defendant received separate sentences for each conviction. *See* Presentence Report at 5-6.