IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY LEE CLARIDY | * | |
| v. | * | Civil No. RDB-11-2767 |
| UNITED STATES OF AMERICA | * | |
| *   *   *   *   *   * | * | *   *   *   *   *   * |
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-07-0244 |
| TIMOTHY LEE CLARIDY | * | |

## <u>MEMORANDUM OPINION</u>

The *pro se* petitioner Timothy Lee Claridy ("Petitioner") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 100).  He alleges violations of his Sixth Amendment right to effective assistance of counsel, arguing that his trial counsel should have challenged the validity of several of the convictions listed in his Presentence Report.  Petitioner claims that this ineffective assistance of counsel led to a wrongful application of 18 U.S.C. § 924(e), known as the Armed Career Criminal Act ("ACCA"), to his conviction for unlawful possession of a firearm by a convicted felon.  Petitioner argues that the maximum sentence that could have been imposed in his case is 120 months, and that this Court wrongfully imposed a 240-month sentence in part due to the fifteen-year minimum mandated by the ACCA.  Petitioner filed a Request for Leave to Supplement the Motion to Vacate (ECF No. 104).  In his amended Motion, Petitioner claims that this Court erred when it used his Presentence Report to determine his Armed Career Criminal status.

Petitioner has two other motions pending before this Court.  First, Petitioner filed a **Motion to Treat Arguments in 28 U.S.C. § 2255 Motion as Conceded** pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure (ECF No. 103).  Second, Petitioner filed a Motion for the Court to Provide a Copy of the Government's Response to his Motion to Vacate (ECF No. 109).

Upon reviewing Petitioner's Motion and the Government's opposition thereto, this Court finds that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  Petitioner's Request for Leave to Supplement his Motion to Vacate (ECF No. 104) is GRANTED, and this Court will address Petitioner's amended arguments with those claims set out in his original Motion to Vacate.  For the reasons stated below, Petitioner's Motion to Vacate (ECF No. 100) and Motion to Treat Arguments in 28 U.S.C. § 2255 Motion as Conceded (ECF No. 103) are DENIED.  In light of this Court's transmission of a copy of the Government's Response to Petitioner on January 23, 2013, Petitioner's Motion for the Court to Provide a Copy of the Government's Response (ECF No. 109) has been GRANTED.

BACKGROUND

On July 2, 2008, a jury found Petitioner guilty of one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841 and 846, one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841, and one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1)  Verdict, ECF No. 61.  On September 24, 2008, this Court sentenced Petitioner to three concurrent 240-month terms of incarceration and a five year period of supervised release.  Sentencing, ECF No. 66.

The facts of the case are taken from the Government's Response to Petitioner's pretrial motions. Government's Resp. to Defs' Pretrial Mots., ECF No. 35.  In May 2007, Baltimore City narcotics detectives conducted surveillance of Petitioner due to his suspected narcotics-related activities.  *Id.* at 2-3. The detectives watched Petitioner meeting another individual on five occasions, wherein Petitioner would enter a vehicle for a short period of time and then leave.  *Id.* at 3.  The officers would then observe Petitioner meeting other individuals in the area and handing out items in a manner and environment known to indicate potential narcotics distribution.  *Id.*

On May 17, 2007, Petitioner met with an individual, later identified as Flora Lynette Jones ("Jones"), on the 1500 block of Barclay Street in Baltimore City.  *Id.*  After monitoring several meetings between the two, Baltimore City detectives followed Jones.  *Id.*  Jones eventually parked her car and entered a building at 69 Stemmers Run Road in Essex, MD.  *Id.* at 4.  In the several days following this

2

incident, the detectives saw Petitioner entering the same building on two separate occasions. *Id.* A search warrant was then obtained in the District of Maryland for the Stemmers Run Road residence and Petitioner's vehicle. *Id.*

On May 22, 2007, police officers observed Petitioner leaving the Stemmers Run Road residence and detained him as he was driving away. *Id.* The officers read Petitioner his *Miranda* rights, and Petitioner acknowledged them. *Id.* Police officers conducted a search of Petitioner and found a key that unlocked the Stemmers Run Road residence. *Id.* The officers then executed the warrant and searched Petitioner's vehicle, in which they found two stacks of United States currency in excess of $5000.00. *Id.* at 5. Police officers then searched the residence and found, on the second floor, a loaded handgun and plastic bag containing a substance later determined to be heroin. *Id.* at 4-5.

On May 23, 2007, Petitioner made his initial court appearance and was committed. (ECF Nos. 2, 4). On May 30, 2007, Petitioner was indicted on one count of conspiracy to distribute 100 or more grams of heroin in violation of 21 U.S.C. §§ 841 and 846 ("Count One") and one count of possession with intent to distribute 100 or more grams of heroin in violation of 21 U.S.C. § 841 ("Count Two"). Indictment, ECF No. 7. On July 12, 2007, a superseding indictment added charges of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count Three") and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count Four"). Superseding Indictment, ECF No. 14. Petitioner pled not guilty as to all four counts.

On July 2, 2008, a jury found Petitioner guilty of Counts One, Two, and Three, and not guilty of Count Four. Verdict, ECF No. 61. On September 24, 2008, this Court sentenced Petitioner to three twenty-year periods of incarceration, to be served concurrently, and five years of supervised release. Sentencing, ECF No. 66. Petitioner appealed this judgment, and the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. *See United States v. Claridy*, 601 F.3d 276 (4th Cir. 2010), *cert. denied*, 79 USLW 3202 (U.S. Oct. 4, 2010) (No. 10-5215).

On September 28, 2011, Petitioner filed the pending Motion to Vacate under 28 U.S.C. § 2255. In his Motion, Petitioner argues that he received unconstitutionally ineffective assistance of counsel and

that this Court improperly enhanced his sentence. Petitioner claims that his counsel unreasonably failed to attack his robbery and drug convictions listed in his Presentence Report. Petitioner also states that this Court's calculation, based in part on these convictions, led to a higher sentence than what was allowed by statute. On June 26, 2012, the Government submitted a response to Petitioner's Motion and sent a copy of the document to Petitioner. Government's Resp., ECF No. 105. Petitioner did not receive that copy, and submitted a Motion Requesting the Government's Response (ECF No. 109). This Court sent Petitioner a copy of the Government's Response on January 23, 2013, thereby granting his Motion Requesting the Government's Response, (ECF No. 109), and Petitioner filed his Reply (ECF No. 114).

Upon review of Petitioner's Motion, the Government's Response, and Petitioner's Reply, this Court finds that Petitioner did receive effective assistance of counsel and that this Court did not err in its enhancement of Petitioner's sentence. Thus, Petitioner's Motion to Vacate is DENIED.

STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In order to establish a claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that a counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, petitioner must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *See id.* at 687.

ANALYSIS

At the outset, this Court grants Petitioner's Request for Leave to Supplement his Motion to Vacate (ECF No. 104) because Rule 15(a) of the Federal Rules of Civil Procedure instructs that a court "should freely give leave when justice so requires" for amended motions.   Fed. R. Civ. P. 15(a)(2). Moreover, the Government has not opposed this motion.   *See* Government's Resp., ECF No. 105. Accordingly, Petitioner's supplemental arguments to his Motion to Vacate are considered in conjunction with the arguments asserted in his original Motion.

**I.        Petitioner's Motion to Treat Arguments in  28 U.S.C. §  2255 Motion as Conceded**

Petitioner's Motion to Treat Arguments in 28 U.S.C. §  2255 Motion as Conceded (ECF No. 103) asks the Court to accept all of his claims in his Motion to Vacate as true, because the Government did not respond within the sixty-day period ordered by this Court.   Petitioner likens his Motion to Vacate to a complaint filed under Rule 8(a) of the Federal Rules of Civil Procedure, and further claims that the Government's delay in its response to his Motion results in the Government's concession of Petitioner's allegations pursuant to Rule 8(b)(6).   Under Rule 8(b)(6), failure to deny a claim results in its admission only if a responsive pleading is required.   *See* Fed. R. Civ. P. 8(b)(6).   If a responsive pleading is not required, Rule 8(b)(6) considers the claim denied or avoided.   *See id.*

Petitioner does not properly apply the Rules for Governing Section 2255 Proceedings for the United States District Courts ("Rules Governing Section 2255 Cases").   The Rules Governing Section 2255 Cases control the procedure surrounding a petitioner's motion to vacate made pursuant to 28 U.S.C. § 2255.   When there is an inconsistency between the Federal Rules of Civil Procedure and the Rules Governing Section 2255 Cases, the Rules Governing Section 2255 Cases control.   *See* Fed. R. Civ. P. 81(a)(4)(A); *see also Weichert v. United States*, 458 F. Supp.2d 57 (N.D.N.Y. 2006) (noting that a court has discretion to apply the Federal Rules of Civil Procedure when appropriate).   Rule 5 of the Rules Governing Section 2255 Cases leaves it to the court to determine whether a response by the Government is required.   Rule 5 "does not specifically call for a return or answer by the United States Attorney or set any time limits as to when one must be submitted."   28 U.S.C. § 2255 Advisory Committee's Note,

December 1, 2004.  In this case, the Government's Response was ordered at the discretion of this Court under Rule 5, so it does not qualify as a required responsive pleading under Rule 8(b)(6) of the Federal Rules of Civil Procedure.  The Government's tardiness in its response to Petitioner's Motion to Vacate, therefore, does not result in the concession of Petitioner's arguments.  Accordingly, Petitioner's Motion to Treat Arguments in 28 U.S.C. § 2255 Motion as Conceded is DENIED, and this Court turns to Petitioner's claims of ineffective assistance of counsel.

## II.     Petitioner's *Strickland* Claim

A.     *Petitioner suffered no prejudice as a result of any alleged deficiencies in representation by trial counsel.*

Petitioner alleges that trial counsel performed deficiently by failing to properly investigate and challenge the applicability of two prior Anne Arundel County robbery convictions listed in his Presentence Report.  Petitioner believes that these prior convictions caused him to qualify as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  The ACCA mandates a fifteen-year minimum prison sentence for anyone "who violates section 922(g) of [Title 18] and has three previous convictions by any court referenced in 922(g)(1) of [Title 18] for a violent felony or serious drug offense, or both, committed on occasions different from one another . . . ."  18 U.S.C. § 924(e).  In this case, a jury convicted Petitioner of violating section 922(g)(1) of Title 18, which makes it unlawful for a person who has been convicted of a felony to possess a firearm.  Petitioner states that his two Anne Arundel County robbery convictions should not have been used as ACCA predicates, because they were the result of *Alford*[1] pleas and were not supported by "*Shepard* approved documents."[2]  Pet'r's

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).   An *Alford* plea is a plea agreement in which a defendant pleads guilty, but still maintains his innocence of the charge.  *See id.* at 37.

[2] The Armed Career Criminal Act defines a violent felony in two ways.  The preferred framework for addressing whether a prior conviction qualifies as a violent felony is the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990).  Under the categorical approach, the Court need only look at the statutory definition of that prior offense to determine that the offense is a violent felony.  When the Court cannot determine that the prior conviction was a violent felony using the categorical approach, the Court may review documents involved in the prior conviction that might reveal the facts on which the conviction rested.  *Shepard v. United States*, 544 U.S. 13, 20-21 (2005).  Under this modified categorical approach set forth in *Shepard*, courts may address whether "*Shepard* approved" materials exist to support a finding of a violent offense.   *See* discussion, page 8-9.

Mot. at 5.   Petitioner posits that, but for his counsel's failure to assail these two violent felony convictions, the maximum prison sentence he could have received for his conviction for unlawful possession of a firearm was ten years.

Petitioner's argument regarding the Anne Arundel County convictions fails the second prong of the *Strickland* test.  The second prong requires Petitioner to show that he suffered actual prejudice due to his counsel's alleged ineffective assistance.  *Strickland*, 466 U.S. at 697.  If Petitioner is unable to meet this burden in proving prejudice, the "reviewing court need not consider the performance prong" of *Strickland*.  *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).  In this case, Petitioner cannot demonstrate that his counsel's failure to object to these two convictions would have changed the outcome of his case, because he is unable to show that he could have received only a maximum ten-year sentence.  Petitioner claims that, due to a misapplication of the ACCA, he received a sentence that was ten years greater than the statutorily allowed sentence under section 922(g) of Title 18.  This is a mischaracterization of the terms of Petitioner's sentence, because his two convictions for narcotics-related offenses, which yielded an effective sentence of twenty years, were entirely separate from ACCA considerations.  The Government properly sought to enhance Petitioner's punishment for the two narcotics charges under 21 U.S.C. § 851 because Petitioner was a previous narcotics offender. This made the statutory maximum sentence that Petitioner could face for each narcotics charge thirty years.  *See* 21 U.S.C. § 841(b)(1)(C).[3]   In this case, this Court imposed concurrent twenty-year terms for each narcotics conviction, therefore giving Petitioner an effective term of twenty years despite the sixty-year maximum sentence that could have been imposed for his drug-related crimes.

The fact that this Court gave Petitioner a twenty-year term does not demonstrate that he suffered undue prejudice with regard to his period of incarceration.  Petitioner emphasizes the alleged impropriety

---

[3] The jury convicted Petitioner of possession with intent to distribute less than 100 grams of heroin.  *See* Pet'r's Reply, Ex. 1.  The Government stated incorrectly that Petitioner was convicted of possession of heroin in excess of 100 grams.  *See* Government's Resp. at 1.  This misstatement, however, does not affect the outcome of this case. The jury convicted Petitioner under Section 841(b)(1)(C) of Title 21, which assigns the thirty year maximum penalty at issue in this case.  At sentencing, this Court abided by that thirty-year maximum.

in this Court's application of the ACCA, yet Petitioner's Armed Career Criminal status is relevant only to his conviction for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). As explained above, even if the ACCA did not apply in this case and the maximum term for Petitioner's firearms charge was only ten years, Petitioner would have faced a maximum of seventy years in prison for his three convictions. In other words, this Court still could have, and would have, sentenced Petitioner to an effective term of imprisonment of twenty years. Therefore, Petitioner did not suffer any prejudice.[4]

> B.    *Petitioner's counsel was entirely reasonable in not assailing Petitioner's four prior robbery convictions that this Court properly considered as ACCA predicates.*

Even if Petitioner met his burden of proof in demonstrating prejudice, his argument also fails the first prong of the *Strickland* test. The first prong of the test requires that Petitioner show that his counsel's representation fell below "an objective standard of reasonableness." 466 U.S. at 687-91. Petitioner has a heavy burden to overcome, because this Court must indulge a strong presumption that counsel's conduct was within the "wide range of reasonable professional assistance." *Id.* at 689. In this case, Petitioner claims that his four robbery convictions cannot serve as ACCA predicate offenses because "the government produced no *Shepard* approved documentation to even establish the [existence] of these convictions or [their] applicability." Pet'r's Mot. at 10. Petitioner then argues that his counsel did not provide effective assistance, because he did not challenge the government's failure to provide such documentation. *Id.*

The ACCA, under section 924(e)(2)(B)(i), defines a "violent felony" as being a crime that is "punishable by a term of imprisonment exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against another person." When determining whether the ACCA

---

[4] This Court notes Petitioner's argument in his Reply stating that his 1989 narcotics conviction should not count as an ACCA predicate. He claims that the conviction was not a "serious drug offense" as defined by section 924(e)(2)(A)(i) of title 18, which requires that the drug offense be punishable by a maximum term of imprisonment of ten years or more. *See* Pet'r's Reply at 3. Because the Maryland state court records of this conviction have since been destroyed, this Court acknowledges the possible legitimacy of Petitioner's claim. This Court, however, focuses on Petitioner's prior four robbery convictions, which all serve as convictions that qualify as ACCA predicates.

considers a crime a violent felony, a court first analyzes the offense by its essential elements through a categorical approach.[5]  If the categorical approach yields no answer, then a court moves on to the modified categorical approach.  In *Shepard v. United States*, 544 U.S. 13, 21-25 (2005), the Supreme Court addressed the level of documentation necessary to determine whether a particular conviction counts towards one's Armed Career Criminal status when a court conducts the modified categorical approach. Therefore, *Shepard* only applies when the fact of conviction and the statutory definition of the offense are unduly vague or ambiguous.  *See id*.  This modified categorical approach makes use of the particular facts underlying a conviction in establishing whether the specific offense meets one of the elements that makes a crime a serious drug offense or violent felony under the ACCA.  *See id.*  *Shepard* holds that, in such situations, the set of facts used to determine ACCA predicate status is "limited to the terms of the charging document, the terms of a plea agreement . . . or to some comparable judicial record of this information."  *Id.* at 26.

In Petitioner's case, there is no ambiguity that would require the use of the documentation that *Shepard* describes.  All four of Petitioner's robbery convictions that this Court considered are robberies with a deadly weapon, which are crimes that inherently involved force or the threat of force against another person.  *See Taylor v. United States*, 495 U.S. 575, 581-588 (1990) (noting that robbery is a violent crime and thus a predicate under the ACCA); *United States v. White*, 571 F.3d 365, 371 n.5 (4th Cir. 2009) (stating that robbery with a dangerous weapon is a violent felony under the ACCA). Consequently, *Shepard* does not apply to this case, and the additional documentation that Petitioner presses for is not required.  Petitioner's counsel made no error when he did not assail the convictions for lack of *Shepard* documents and, therefore, his conduct was objectively reasonable.

Finally, Petitioner argues that trial counsel did not provide effective assistance when he failed to challenge the use of Petitioner's two prior *Alford* plea convictions as predicate offenses under the ACCA. Petitioner, citing *United States v. Alston*, 611 F.3d 219, 227 (4th Cir. 2010), claims that his two Anne

---

[5] *See United States v. White*, 571 F.3d 365, 368 (4th Cir. 2009).  The categorical approach refers to analyzing an offense using the essential elements of the crime, rather than the underlying facts of the case, to determine if it constitutes a violent felony or serious drug offense that falls under the ACCA.  *See id.*

Arundel County robbery convictions cannot count as ACCA predicates because they resulted from *Alford* pleas. Pet'r's Mot. at 4, 10; Pet'r's Reply at 4-5. The question in *Alston* does not affect the outcome of this case. In *Alston*, the Fourth Circuit held that a prior second-degree assault conviction made pursuant to an *Alford* plea could not qualify as a crime of violence for ACCA purposes. *See* 611 F.3d at 227. Because second-degree assault is not an inherently violent felony, a court proceeding under a modified categorical approach could not rely on the *Alford* plea convictions where no facts were admitted by the defendant. *See id.* As described above, Petitioner's prior robbery convictions are violent felonies under the ACCA, because armed robbery is inherently a violent felony. *See White*, 571 F.3d. at 371 n.5. No modified categorical analysis is required to make this determination. Therefore, *Alston* does not apply to this case, and trial counsel acted reasonably when he did not object to the use of these robbery convictions as predicate offenses.[6]

### III.    Petitioner's Claim under *United States v. Boykin*

In his amended Motion, Petitioner argues that this Court erred when it used his Presentence Report to determine his Armed Career Criminal status. *See* Pet'r's Am. Mot. at 3-4. In *United States v. Boykin*, 669 F.3d 467, 471 (4th Cir. 2012), the United States Court of Appeals for the Fourth Circuit held that "it was plain error for the district court to use the [presentence report's] recitation of the facts to determine that [the defendant's] convictions occurred on different occasions" without first determining whether the presentence report was a *Shepard*-approved document. Petitioner "asserts that his case is no different" from *Boykin*. Pet'r's Am. Mot. at 4.

Petitioner misconstrues the plain meaning of *Boykin*. As discussed above, this Court did not require *Shepard*-approved documents when it used his armed robbery convictions as ACCA predicates. In *Boykin*, the district court erred when it used the presentence report's factual details of two crimes to determine that they were separate ACCA predicates without first conducting a *Shepard* analysis. 669

---

[6] This Court also notes Petitioner's claim that his two Baltimore City robberies should not be counted as separate predicates for the ACCA simply because there was no "intervening arrest" between the two crimes. *See* Pet'r's Mot. at 9. This argument has no merit. Regardless of the time of arrest for each crime, they were charged separately and defendant received separate sentences for each conviction.

F.3d at 471. The Court of Appeals, however, also held that it "was not error to use the [presentence report] to determine that two crimes had in fact been committed by [the defendant]." *See id.* In this case, this Court need not undergo a *Shepard* analysis, because Petitioner's armed robbery convictions are inherently violent crimes under the ACCA. *See White*, 571 F.3d. at 371 n.5. Accordingly, *Boykin* has no bearing on this case, and Petitioner's claim under *Boykin* fails.

<u>CONCLUSION</u>

For the reasons stated above, Petitioner's Request for Leave to Supplement his Motion to Vacate (ECF No. 104) is GRANTED. Petitioner's Motion to Vacate, Set Aside, or Correct Illegal Sentence (ECF No. 100) and Motion to Treat Arguments in 28 U.S.C. § 2255 Motion as Conceded (ECF No. 103) are DENIED. In light of this Court's transmission of a copy of the Government's Response to Petitioner on January 23, 2013, Petitioner's Motion for the Court to Provide a Copy of the Government's Response (ECF No. 109) has been GRANTED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.


Dated: March 14, 2013


_____/s/_____
Richard D. Bennett
United States District Judge