# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | Crim. No. RDB-07-0244 |
| | * | |
| v. | * | Civil No. |
| | * | |
| TIMOTHY LEE CLARIDY | * | |

\* \* \* \* \*

## MOTION TO CORRECT
## SENTENCE UNDER 28 U.S.C. § 2255

### INTRODUCTION

Petitioner, Timothy Lee Claridy, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Appellate Attorney, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255.

On July 2, 2008, Mr. Claridy was convicted in this Court of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Three), one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count Two), and one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846 (Count One). On September 24, 2008, the district court sentenced Mr. Claridy to a concurrent term of 240 months imprisonment after finding that he was an armed career criminal.

This Court found Mr. Claridy to be an armed career criminal after adopting the finding of the presentence report that he had at least three qualifying prior convictions that supported the ACCA enhancement. Specifically, the Court found that Mr. Claridy had one conviction for Maryland assault and four convictions for Maryland robbery with a dangerous weapon that qualified as "violent felonies" under the ACCA.

However, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Claridy is no longer an armed career criminal because his Maryland assault and robbery convictions no longer qualify as "violent felonies" under any portion of the ACCA. In *Johnson,* the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. Thus, the only question here is whether Mr. Claridy's assault and robbery convictions qualify as "violent felonies" under the remaining "enumerated offenses" clause or "force" clause of the ACCA (18 U.S.C. § 924(e)(2)(B)(i)). They do not qualify as "violent felonies" under the enumerated offenses clause because they are not generic burglary, arson, extortion, or use of explosives offense. Likewise, they do not qualify as a "violent felonies" under the force clause. The Fourth Circuit has already held that Maryland assault is not a "violent felony" because it does not require the use, attempted use, or threatened use of violent physical force. *United States v. Royal*, 731 F.3d 333, 342 (4th Cir. 2013). And Maryland robbery is not a "violent felony" for three independent reasons:

First, to be clear, although the presentence report notes that Mr. Claridy was convicted of two Maryland robbery with a dangerous weapon offenses, Mr. Claridy was only actually convicted of the offense of robbery. The Maryland Court of Appeals has unequivocally held that robbery *with a dangerous or deadly weapon* is not a separate offense under Maryland law. Rather, "dangerous or deadly weapon" is merely a sentencing factor. *Whack v. State*, 416 A.2d 265, 266 (1980). It is well settled that under the elements-driven categorical approach of *Descamps v. United States*, 133 S. Ct. 2276 (2013), an ACCA sentence can only be predicated on the elements of the offense of conviction – not based on a sentencing factor. Hence, the only relevant offense of conviction here is Maryland robbery, which the government has now conceded categorically fails to qualify as a "violent felony"

2

under the ACCA "force" clause.  *See* Br. of Appellee, at 73, *United States v. Martin*, No. 14-4779 (4th Cir. Sept. 14, 2015).[1]  As the government has correctly explained, Maryland robbery is not a "violent felony" under the ACCA "force" clause because it can be accomplished by putting someone in fear of injury to *property* rather than threatening violent physical force against a *person*.  *See United States v. Baten*, Gov't Letter, ECF No. 23, DKC-04-256 (D. Md. Nov. 16, 2015); *United States v. Harrington*, Gov't Letter, ECF No. 22, DKC-03-132 (D. Md. Nov. 16, 2015)

Second, even assuming, arguendo, that "dangerous or deadly weapon" is an element of Maryland robbery, Mr. Claridy's convictions still fail to qualify as "violent felonies."  Because robbery can be committed by threatening injury to one's property, it logically follows that a dangerous or deadly weapon can also be used merely to threaten injury to property.  For example, one can commit Maryland robbery by threatening to shoot at one's car, to pour toxic acid in one's flowerbed, or to scratch someone's car with a knife.  Because such use of weapons against property fails to constitute threat of violent physical force against a *person*, Maryland robbery with a dangerous weapon categorically fails to qualify as a "violent felony" under the force clause.

Third, independent of the reasons noted above, even if Maryland robbery required the use of a dangerous weapon against a person rather than property, it would still fail to convert a robbery into a "violent felony."  This is true because "dangerous or deadly weapon" is broadly defined to include "anything used or designed to be used" in "injuring an enemy."  *Handy v. State*, 145 A.2d

---

[1]     *See also United States v. Baten*, Gov't Letter, ECF No. 23, DKC-04-256 (D. Md. Nov. 16, 2015); *United States v. Harrington*, Gov't Letter, ECF No. 22, DKC-03-132 (D. Md. Nov. 16, 2015).  In these cases as well several others, the district court granted § 2255 relief upon accepting the parties' position that Maryland robbery no longer qualifies as an ACCA "violent felony." *See also United States v. Distance*, JFM-08-0597; *United States v. Lindsey*, RDB-10-196; *United States v. Powell*, JFM-05-460; *United States v. Briscoe*, RDB-05-093; *United States v. Smart*, RWT-04-159.

1107, 1110 (Md. 2000). This encompasses the use of poison, mace, tear gas, pepper spray and other weapons that do not require the use of violent physical force (i.e., strong physical force). Although threatening to use these items against a person during the course of a robbery may constitute a threat of physical injury to another, such conduct would not constitute a threat of violent physical force against a person. The Fourth Circuit's precedent in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) commands this result.

Hence, Mr. Claridy does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him as an armed career criminal. As a result, Mr. Claridy's currently imposed sentence of 240 months is now a *per se* illegal sentence, not only in violation of the United States law, but in excess of the 10-year statutory maximum for his offense of being a felon in possession of a firearm. Allowing this sentence to remain in tact further violates due process.

Mr. Claridy is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Mr. Claridy's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr. Claridy respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

Finally, Mr. Claridy asks for a vacatur of his sentence not only on his federal firearm count (Count Three), but also on his drug counts (Count One and Two). Mr. Claridy's concurrent sentence

for all of these offenses was based on one sentencing guideline after these counts were grouped under U.S.S.G. § 3D1.2. Thus, all of these counts were sentenced together as a package. In turn, as further explained below, this Court now has the authority under the sentencing package doctrine to unbundle the entire sentence and begin the sentencing process anew.

As grounds for this motion, Mr. Claridy states as follows:

## STATEMENT OF FACTS

### A.    Conviction and Sentencing

On July 2, 2008, Mr. Claridy was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Three), one count of possession with intent to distribute heroin in violation of 18 U.S.C. § 841(a)(1) (Count Two), and one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846 (Count One). On September 24, 2008, the district court sentenced Mr. Claridy to a concurrent term of 240 months imprisonment on all counts.

This Court found Mr. Claridy to be an armed career criminal after adopting the finding of the presentence report that he had at least three prior convictions that qualified as either "violent felonies" or "serious drug offenses" necessary to support the armed career criminal enhancement. Specifically, the Court found that Mr. Claridy had four Maryland robbery with a dangerous weapon offenses and one Maryland assault conviction that qualified as "violent felonies" under the ACCA.

This Court's application of the ACCA enhancement subjected Mr. Claridy to a mandatory sentence of 15 years imprisonment on his felon in possession charge. Without an ACCA finding, Mr. Claridy's statutory maximum would have been 10 years. 18 U.S.C. § 924(a)(2).

**B.    Direct Appeal**

On September 26, 2008, Mr. Claridy filed a notice of appeal to the Fourth Circuit.  On April 9, 2010, the Fourth Circuit denied the appeal and affirmed Mr. Claridy's sentence.

**C.    Previous 2255 Petition**

On September 26, 2001, Mr. Claridy filed his first 28 U.S.C. § 2255 motion.  On January 16, 2013, this Court denied Mr. Claridy's § 2255 motion.

**D.    *Johnson v. United States***

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551.  In that case, the Court overruled *Sykes v. United States*, 131 S. Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007), and invalidated the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause.  After *Johnson*, Mr. Claridy no longer has the requisite number of prior convictions to qualify as an armed career criminal.

On _____, the Fourth Circuit authorized Mr. _____ to file this petition.

**ARGUMENT**

**I.    In light of *Johnson*, Mr. Claridy does not have three prior convictions that qualify as ACCA predicate offenses.**

Under the ACCA, a prior offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it

  (i)    has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or

  (ii)    is burglary, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

6

In *Johnson*, 135 S. Ct. 2551, the Supreme Court held that the residual clause (18 U.S.C. § 924(e)(2)(B)(ii) referenced above was unconstitutionally void for vagueness in all applications. Therefore, a prior offense can now only qualify as a "violent felony" if it is either one of the enumerated offenses (burglary, arson, extortion, or use of explosives) or falls within the "force" clause. There is no question that Mr. Claridy's Maryland assault and robbery convictions do not qualify as one of the ACCA enumerated offenses. Therefore, the only issue here is whether Mr. Claridy's convictions fall within the ACCA "force" clause. They do not. Thus, Mr. Claridy no longer has the three predicate convictions necessary to qualify him as an armed career criminal.

**A.    The categorical approach applies in determining whether a prior conviction qualifies as a "violent felony" under the ACCA "force" clause.**

In determining whether a prior conviction qualifies as a "violent felony" under the ACCA "force" clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Royal*, 731 F.3d 333, 341-41 (4th Cir. 2013). This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "violent felony." *Descamps*, 133 S. Ct. at 2283 (citation omitted); *Royal*, 731 F.3d at 341-42. In addition, under the categorical approach, a prior offense can only qualify as a "violent felony" if all of the criminal conduct covered by a statute – "including the most innocent conduct" – matches or is narrower than the "violent felony" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "violent felony," then the statute categorically fails to qualify as a "violent felony."

As a result, post-*Descamps*, for an offense to qualify as a "violent felony" under the ACCA "force" clause, the offense must have an element the use, attempted use, or threatened use of

"physical force" against another person.  18 U.S.C. § 924(e)(2)(B)(i).  And "physical force" means *violent* force – that is "strong physical force," which is "capable of causing physical pain or injury to another person."  *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

As further detailed below, under these terms, Mr. Claridy's prior Maryland robbery and assault convictions categorically fail to qualify as ACCA predicates:

**B.    Maryland assault categorically fails to qualify as a "violent felony" because it can be accomplished by an offensive touching rather than violent physical force against a person.**

It is well settled that Maryland assault categorically fails to qualify as an ACCA "violent felony" under the force clause.  The Fourth ruled exactly that in *Royal*, 731 F.3d at 342.  Therefore, after *Johnson*,  Mr. Claridy's assault conviction can no longer serve as an ACCA predicate.

**C.    Maryland robbery categorically fails to qualify as an ACCA "violent felony" for several independent reasons.**

Mr. Claridy has four Maryland robbery convictions.   The presentence notes that these convictions are for robbery with a dangerous weapon.  However, as further explained below, all four convictions must be construed as robbery offenses – not Maryland robbery with a dangerous weapon – which the government has conceded are not "violent felonies."  In Maryland, robbery *with a dangerous weapon* is not a substantive offense.  Nonetheless, even assuming that such an offense exists, it still fails to constitute an ACCA "violent felony."

**1.    Mr. Claridy was only convicted of Maryland robbery - not Maryland robbery with a dangerous weapon.  Maryland robbery fails to qualify as an ACCA "violent felony" because it can be accomplished by threatening injury to *property*, rather than violent physical force against a person.**

The relevant offense of prior conviction here is Maryland common law robbery – not Maryland robbery with a dangerous weapon.  It is well settled that "robbery is a single common law

offense." *Whack*, 416 A.2d at 266.  Although separate statutes exist in the Maryland Criminal Code

for robbery ( Md. Code Crim. Law § 3-402 (formerly Art. 27, § 486)) and robbery with a dangerous

weapon (Md. Code, Crim. Law § 3-403 (formerly Art. 27, § 488)), these provisions "do not create

separate statutory offenses but merely fix the penalties for the one crime of robbery."  *Whack*, 416

A.2d at 266; *see also Conyers v. State*, 693 A.2d 781, 796-97 (Md. 1997) (Maryland "[r]obbery with

a deadly weapon is not a substantive offense, but if the State can prove that a defendant used a deadly

weapon during the commission of the robbery the defendant is subject to harsher penalties.");

*Teixeira v. State*, 75 A.3d 371, 281 (Md. Ct. Spec. App. 2013) (holding the same).  Thus, it is plain

that "dangerous or deadly weapon" is merely a sentencing factor, not an element of a robbery

offense.  Because it is not an element of the offense of conviction, under *Descamps*, a sentencing

court cannot consider it in determining whether the robbery offense qualifies as an ACCA "violent

felony."  Indeed, *Descamps* went to great length to explain that a sentencing court can only make an

ACCA "violent felony" finding based on the "elements of the charged offense."  133 S. Ct. at 2289.

Because Mr. Claridy was solely convicted of common law robbery, this Court can only look

to the elements of that offense in determining whether Mr. Claridy's convictions qualify as "violent

felonies."  "The essential elements of the crime of [Maryland] robbery are the felonious taking and

carrying away of the personal property of another, from his person or in his presence, by violence

or putting in fear."  *Conyers*, 693 A.2d at 796 (internal quotation marks and citation omitted).   As

the Maryland Court of Special Appeals squarely held in *Giles v. State*, 261 A.2d 806, 807 (Md. Ct.

Spec. App. 1970),  these elements can be satisfied by putting someone in fear of "injury to the person

*or to the property,* as for example a threat to burn down a house."  261 A.2d at 807 (emphasis

added).  In *Douglas v. State*, 267 A.2d 291, 295 (Md. Ct. Spec. App. 1970), the Court repeated the

same: "That the fear be of great bodily harm is not a requisite. Nor need the fear be of bodily injury at all. The fear may be of injury to the person *or to property*, as for example, a threat to burn down a house." *Id.* (quoting *Giles,* 267 A.2d at 807) (emphasis added).

Because Maryland robbery does not require the use, attempted use, or threatened use of violent physical force against the *person* of another, the offense does not qualify as a "violent felony" under the ACCA "force" clause. The Fourth Circuit's decision in *United States v. Parral-Dominguez*, 794 F.3d 440 (4th Cir. 2015) is directly on point. In that case, the Court held that a prior North Carolina conviction for discharging a firearm into an occupied building was not a "crime of violence" under the "force" clause of U.S.S.G. § 2L1.2(b)(1)(A)(ii) – which is identical to the ACCA "force" clause. The Court reasoned that the North Carolina offense could not qualify as a "crime of violence" under the § 2L1.2 "force" clause because it did not require force against a person, but rather merely required force against property. The Court clarified that "by its plain language, the use-of-force clause does not encompass acts involving the use of force against property (rather than persons)." *Parral-Dominguez*, 794 F.3d at 444. *See also United States v. Litzy*, __ F.3d __, 2015 WL 5895199, at *5 (S.D.W.V. 2015) (finding that Ohio robbery is not a "crime of violence" under the force clause of U.S.S.G. § 4B1.2(a)(1) – which is identical to the ACCA force clause – because "Ohio's force definition, by its text, applies in some instances of force exerted against a *thing* and not a person. Violence against a *thing*, as opposed to violence against a *person*, is not sufficient to constitute 'physical force'").

Likewise, the identical ACCA "force" clause (18 U.S.C. § 924(e)(2)(B)(i)) also does not encompass acts involving the use of force against *property*. Therefore, Maryland robbery, which criminalizes threats of injury to property, similarly fails to qualify as an ACCA "violent felony."

10

This basis alone disqualifies Maryland robbery as a "violent felony."  Indeed, the government has conceded exactly as such, and this Court should accept the government's concession.  *See United States v. Baten*, DKC-04-0256, ECF No. 23 (D. Md. Nov. 16, 2015); *United States v. Harrington*, Gov't Letter, ECF No. 22, DKC-03-132 (D. Md. Nov. 16, 2015).

> **2.      Even assuming Maryland robbery with a dangerous or deadly weapon is an offense, it still fails to qualify as an ACCA "violent felony" because it can still be accomplished by threatening injury to property.**

Even assuming, arguendo, that Maryland robbery with a dangerous or deadly weapon is an offense, it still fails to categorically qualify as an ACCA "violent felony."  Because Maryland robbery can be committed by threatening injury to property, it logically follows that Maryland robbery with a dangerous or deadly weapon can also be accomplished by threatening injury to one's property with that weapon.  For example, the offense could be accomplished by threatening to shoot bullets into one's yacht, scratch someone's car with a knife, or pour acid on one's flowerbed.  In fact, as discussed above, the Fourth Circuit in *Parral-Dominguez*, 794 F.3d 440, held that even shooting into an occupied building, which necessarily includes the active use of a weapon, does not require force against a *person*.  Rather, the Fourth Circuit found that the offense only requires force against property.  *Id.*; *see also United States v. Patterson*, 2015 WL 5675110, at *3 (N. D. Ohio Sept. 25, 2015) (Ohio robbery with a deadly weapon failed to qualify as an ACCA "violent felony" under the force clause because it can be accomplished by "threatening force against an object rather than a person").  Therefore, this Court must conclude the same about Maryland robbery with a dangerous weapon.

      **3.**    **Even assuming, arguendo, that Maryland robbery requires the use of a weapon to threaten injury to a person rather than property, the offense still fails to qualify as an ACCA "violent felony" because a threat of injury does not equal a threat of violent force under *Torres-Miguel*.**

Finally, assuming, arguendo, that the Maryland robbery offense of which Mr. Claridy was convicted requires the use of a dangerous weapon to threaten *injury to a person* rather than property, the offense still fails to constitute an ACCA "violent felony." The Fourth Circuit's decision in *Torres-Miguel*, 701 F.3d 165, makes plain that threatening physical injury to a person – even with a weapon – does not require the use of violent physical force, i.e. "strong physical force" necessary under the "force" clause. *Johnson*, 559 U.S. at 140.

In *Torres-Miguel,* at issue was the defendant's prior conviction for the California offense of willfully threatening to commit a crime which "*will result in death or great bodily injury to another*." 701 F.3d at 168 (citing Cal. Penal Code § 422(a)) (emphasis added). The specific question in the case was whether the statute had an element equating to a threat of "violent force" under the "force" clause of U.S.S.G. § 2L1.2 – a clause that is identical in all relevant respects to the ACCA force clause. *Id.* Despite the "death or great bodily injury" element in the California statute, the Fourth Circuit found that the offense was missing a "violent force" element, and thus, could never qualify as a "crime of violence" under the "force" clause. *Id.* at 168-69. The Court blanketly held that "[a]n offense that *results* in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of crime of violence." *Id.* at 168. The Court, in strong words, proclaimed that "*of course*, a crime may *result* in death or serious injury without involving *use* of physical force." *Id.* (emphasis added).

The Court, relying on several appellate decisions from various Circuits, reasoned that there are many ways in which physical injury – even death – can result without use of "violent force."

*Id.* at 168-69. "For example, as the Fifth Circuit has noted, a defendant can violate statutes like §
422(a) by threatening to poison another, which involves no use or threatened use of force." *Torres-
Miguel*, 701 F.3d at 168-69 (citing *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir.
2010)).

For even further support, in *Torres-Miguel*, 701 F.3d at 169, the Fourth Court embraced the
Tenth Circuit's decision in *United States v. Perez-Vargas*, 414 F.3d 1282, 1287 (10th Cir. 2005).
In that case, the Tenth Circuit "explained that although the Colorado [third degree assault] statute
required [an act causing] bodily injury [*by means of a dangerous weapon*], imposing that injury does
not necessarily include the use or threatened use of physical force as required by the Guidelines and
so the Colorado crime was not categorically a crime of violence under U.S.S.G. § 2L1.2." *Torres-
Miguel*, 701 F.3d at 169 (citing *Perez-Vargas*, 414 F.3d at 1287) (internal quotation marks omitted)
(emphasis added). The Tenth Circuit reasoned that "several examples [exist] of third degree assault
that would not use or threaten the use of physical force: . . . intentionally placing a barrier in front
of a car causing an accident, or intentionally exposing someone to hazardous chemicals." *Perez-
Vargas*, 414 F.3d at 1286.

*Torres-Miguel* and *Perez-Vargas* make clear that a threat of physical injury – even with a
weapon – does not require violent physical force. Indeed, these cases referenced the use of poison,
hazardous chemicals, and car barriers as weapons that do not require the use of strong physical force.
*Torres-Miguel*, 701 F.3d at 168-69; *Perez-Vargas*, 414 F.3d at 1287. Maryland's broad definition
of "dangerous or deadly weapon" definition encompasses these weapons and more:

> For an instrument to qualify as a dangerous or deadly weapon under § 488, the
> instrument must be (1) designed as *anything used or designed to be used* in

destroying, defeating, or injury an enemy, or as an instrument of offensive or defensive combat. (2) under the circumstances of the case, immediately usable to inflict serious or deadly harm (e.g., unloaded gun or starter's pistol useable as a bludgeon); or (3) actually used in a way likely to inflict that sort of harm.

*Handy v. State*, 745 A.2d 1107, 1111 (Md. 2000) (internal quotation marks and citations omitted) (emphasis added). In fact, the Maryland definition of "deadly or dangerous weapon" is so expansive that it also includes mace, tear gas, and pepper spray. *Id.* at 699. The Maryland Court of Appeals held exactly as such in *Handy*. *Id.* If the threat of using poison or exposing someone to hazardous chemicals does not equal a threat of strong physical force, *as Torres-Miguel* instructs, then certainly the threat of using pepper spray does not.

In sum, because the threat of injury via a "deadly or dangerous weapon" can be accomplished without the threat of violent physical force, robbery with a deadly or dangerous weapon categorically fails to qualify as an ACCA "violent felony."

> **4.    Because the "full range of conduct" covered by Maryland robbery does not require "violent force," it simply cannot qualify as an ACCA "violent felony."**

Because "the full range of conduct" covered by the Maryland robbery definition does not require "violent force" for all the reasons discussed above, it simply cannot qualify as a "crime of violence" under the ACCA force clause. *Torres-Miguel*, 701 F.3d at 171. And it makes no difference, even if the possibility of violating Maryland robbery without violent force is small.

The Court in *Torres-Miguel* could not have made this more clear. The Government in that case argued that there was no "realistic probability" that the defendant could have violated the California terroristic threats statute in question without threatening violent physical force. *Id.* at 170-71. The Fourth Circuit, however, held that the "realistic probability" test did not apply to the force

14

clause; therefore, the defendant had no burden to show a "realistic probability" that the terroristic threats statute could be violated without a threat of violent physical force. *Id.* Because a possibility – no matter how slim – existed that one could be prosecuted under the statute without a threat of violent force, the Fourth Circuit found that the prior offense categorically failed to qualify as a "crime of violence." *Id.*  This Court should find the same with respect to Maryland robbery, which leaves open an even greater possibility that the offense can be violated absent violent force against a person for all the above-discussed reasons.

II.    **Mr. Claridy is entitled to relief under 28 U.S.C. § 2255 relief because 1) his claim under** *Johnson* **is cognizable, 2) it satisfies the successive petition requirements of § 2255(h)(2) , and 3) it is timely.**

A.    **Mr. Claridy's claim is cognizable under § 2255(a).**

Under 28 U.S.C. § 2255, a petitioner is entitled to a resentencing when his original sentence "was in excess of the maximum authorized by law" or "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  Mr. Claridy is entitled to relief on all these grounds.  In light of *Johnson*, Mr. Claridy does not have three prior convictions that qualify as ACCA predicate offenses.   His current ACCA sentence, therefore, exceeds the 10-year statutory maximum for a non-ACCA offense and violates due process. *See United States v. Shipp*, 589 F.3d 1084, 1091 (10th Cir. 2009) (an erroneous ACCA sentence that exceeds the statutory maximum is not only illegal, but violates due process and results in a fundamental miscarriage of justice).

The Fourth Circuit has made clear that a claim of this nature is cognizable under § 2255.  In *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015), the Court granted § 2255 relief to a defendant whose original ACCA sentence was rendered invalid by a subsequent change in the law.

In so doing, the Court explained that "[s]uch circumstances, where 'a change in the law reduces the defendant's statutory maximum sentence below the imposed sentence, have long been cognizable on collateral review.'" *Id.* at 460 (quoting *Welch v. United States*, 604 F.3d 408, 412-413 (7th Cir. 2010)). As in *Newbold*, Mr. Claridy is entitled to § 2255 relief in this case.

**B.    Mr. Claridy's successive petition satisfies the requirements of 28 U.S.C. § 2255(h)(2) because *Johnson* announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.**

Mr. Claridy files this successive motion pursuant to 28 U.S.C. § 2255(h)(2) after receiving authorization from the Fourth Circuit. That section requires that, before this Court can consider a successive motion, the appropriate court of appeals must certify as provided in 28 U.S.C. § 2244(b)(3)(C) that a successive motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." Pursuant to § 2244(b)(3)(C), the Fourth Circuit authorized this motion upon concluding that Mr. Claridy has made a prima facie showing that he may be entitled to relief. But Mr. Claridy now demonstrates that beyond a prima facie showing, he, in fact, fully satisfies the requirements of § 2255(h)(2) for all the reasons listed below.

**1.    *Johnson* announced a previously unavailable new rule of constitutional law.**

First, the Supreme Court's decision in *Johnson* announced a new rule. A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). "*Johnson* announce[d] a new rule: It explicitly overrule[d] the line of Supreme Court decisions that began with *Begay*, and it broke new ground by invalidating a provision

of ACCA." *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015); *In re Watkins*, 810 F.3d 375, 380 (same). Indeed, "[t]he explicit overruling of an earlier holding no doubt creates a new rule." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (citation omitted).

Second, there is no question that *Johnson* announced a rule "of constitutional law." *Johnson* expressly holds that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563; *see also In re Watkins*, 810 F.3d at 380; *Price*, 795 F.3d at 732-33. It declares that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a statutory minimum or maximum sentence. *Johnson*, 135 S. Ct. at 2563.

Finally, the result in *Johnson* was not previously available to Mr. Claridy. In both *James*, 550 U.S. at 210 n.6, and *Sykes*, 131 S. Ct. 2267, the Court rejected suggestions by the dissenting Justices that the residual clause was unconstitutionally vague. Until *Johnson* was decided, any successive collateral attack was foreclosed.

### 2.   *Johnson* is retroactive.

Under the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Johnson* satisfies both requirements. The rule announced in *Johnson* is "new" for reasons already stated, and it is "substantive" for the reasons discussed below.

Under Supreme Court precedent, a decision is considered "substantive" if it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351-52 (citing *Bousley*

*v. United States,* 523 U.S. 614, 620-21 (1998)). A decision is also "substantive" if it "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997) (citation and brackets omitted); *see also Montgomery v. Louisiana*, __ S. Ct.__, 2016 WL 280758, at *5 (Jan. 25, 2016) (same). Applying these standards here, *Johnson* is substantive because by declaring one of its provisions unconstitutional, it narrows the scope of the ACCA and the class of people that can be punished as armed career criminals.

The federal courts have consistently held that the Supreme Court's prior decisions narrowing the scope of the ACCA – *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009) – are substantive decisions that apply retroactively to cases on collateral review.[2] That conclusion applies with even more force to *Johnson* because it both narrowed the ACCA's reach by voiding the residual clause and expressly declared that "[i]ncreasing a defendant's sentence under the clause denies due process of law." 135 S. Ct. at 2557.

Indeed, the Seventh Circuit has already held that *Johnson* is retroactive. *Price,* 795 F.3d at 734. The Court explained that *Johnson* announced a "substantive" rule, because "[i]n deciding that the residual clause is unconstitutionally vague, the Supreme Court prohibited 'a certain category of punishment for a class of defendants because of their status.'" *Id.* (citation omitted). The Sixth Circuit recently held the same in *In re Watkins*, 810 F.3d at 383 ("Because *Johnson* prohibits the

---

[2]        *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1277-78 (11th Cir. 2013) (*Begay*); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) (*Begay* and *Chambers*); *Jones v. United States*. 689 F.3d 621, 625 (6th Cir. 2012) (*Begay*); *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010) (*Begay*); *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010) (*Begay)*; *United States v. Shipp*, 589 F.3d 1084, 1090 (10th Cir. 2009) (*Chambers*).

imposition of an increased sentence on those defendants whose *status* as armed career criminals is dependent on offenses that fall within the residual clause" it is retroactive).

Likewise, the Eleventh Circuit has also held that *Johnson* is retroactive. *In re Rivero*, 797 F.3d 986, 991 (11th Cir. Aug. 12, 2015). Specifically, the Court explained that *Johnson* announced a "substantive" rule because it "narrow[ed] the scope of [section] 924(e) by interpreting its terms, specifically, the term violent felony," and "narrowed the class of people who are eligible for an increased sentence under the Armed Career Criminal Act." *Id.* at 991 (internal quotation marks and citations omitted).[3]

Further, the government has conceded that the rule announced in *Johnson* is substantive and thus retroactive in several cases. *See* Gov't's Resp. to Appellant's Mot. at 4-5, *United States v. Imm*, Nos. 14-4809, 14-4810 (3d Cir. Aug. 6, 2015), *Price v. United States*, 795 F.3d 731 (7th Cir. July 14, 2015) (No. 15-2427); Joint Emergency Mot., *United States v. Striet*, No. 15-72506 (9th Cir. Aug. 12, 2015); Joint Mot. at 7-8, *United States v. Jackson*, No. 15-8098 (10th Cir. Sept. 3, 2015); Joint Emergency Mot., *In re Scott*, No. 15-291 (4th Cir. Sept. 9, 2015); Gov't's Resp. to Petitioner's Request to File Successive Mot. Under 28 U.S.C. § 2255, *Wilson v. United States*, No. 15-2942 (8th Cir. Sept. 11, 2015).

The conclusion that *Johnson* applies retroactively to cases on collateral review is also supported by the fact that the Supreme Court granted *certiorari* for the purpose of vacating and remanding in light of *Johnson* in numerous cases involving collateral attacks. *See Denson v. United*

---

[3]    Only one court of appeals has held that *Johnson* is not substantive. *See In re Williams*, 806 F.3d 322, 326 (5th Cir. 2015). However, the Supreme Court recently granted certiorari to address whether *Johnson* is retroactive to cases on collateral review. *Welch v. United States*, __ S. Ct.__, 2016 WL 90594, at *1 (2016).

*States*, 135 S. Ct. 2931 (2015) (2015) (vacating *Denson v. United States*, 569 F. App'x 710 (11th Cir. 2014) (affirming denial of § 2255 motion)); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (2015) (vacating *Beckles v. United States*, 579 F. App'x 833 (11th Cir. 2014) (same)); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (vacating order in *Wynn v. United States*, No. 13-4167 (6th Cir. Oct. 10, 2014) (same)); *Jones v. United States*, 135 S. Ct. 2944 (2015) (vacating order in *United States v. Jones*, No. 14-2882 (3d. Cir. Feb. 20, 2015) (denying certificate of appealability to appeal denial of § 2255 motion)); *Nipper v. Pastrana*, 135 S. Ct. 2946 (2015) (vacating *Nipper v. Warden*, 597 F. App'x 581 (11th Cir. 2015) (affirming denial of § 2241 habeas corpus petition)); *Coney v. Pastrana*, 135 S. Ct. 2943 (2105) (vacating *Coney v. Warden*, 579 F. App'x 848 (11th Cir. 2014) (same)); *Aiken v. Pastrana*, 135 S. Ct. 2940 (2015) (vacating *Aiken v. Warden*, 595 F. App'x 953 (11th Cir. 2014) (same)); *Lynch v. United States*, 135 S. Ct. 2942 (2015) (vacating order in *Lynch v. United States*, No. 14-14016E (11th Cir. Jan. 16, 2015) (denying certificate of appealability to appeal denial of § 2255 motion)).

Therefore, *Johnson* is retroactive.

### 3. The Supreme Court has "made" *Johnson* retroactive to cases on collateral review.

Finally, the Supreme Court has "made" *Johnson* retroactive to cases on collateral review. The Supreme Court can "make" a rule retroactive for purposes of 28 U.S.C. § 2255(h)(2) "with the right combination of holdings" in multiple cases. *Tyler v. Cain*, 533 U.S. 656, 666 (2001). As Justice O'Connor explained in her controlling opinion in *Tyler*, the Supreme Court can "make" a rule retroactive "through multiple holdings that logically dictate the retroactivity of the new rule." *Id*. at 668 (O'Connor, J., concurring). It is "relatively easy to demonstrate the required logical

relationship with respect" to substantive rules. *Id*. at 669. When the Supreme Court holds that substantive rules are retroactive in Case One, and announces a substantive rule in Case Two, "it necessarily follows that [the Supreme] Court has 'made' that new rule retroactive to cases on collateral review." *Id*.; *see also id.* at 672-73 ("If Case One holds that all men are mortal and Case Two holds that Socrates is a man, we do not need Case Three to hold that Socrates is mortal.") (Breyer, J., dissenting, joined by Stevens, Souter & Ginsburg, JJ.).

The Supreme Court has held in several cases that "substantive" rules are retroactive, *see Bousley*, 523 U.S. at 620; *Summerlin*, 542 U.S. at 351; *Teague*, 489 U.S. at 316, and *Johnson* announced a new substantive rule. The Supreme Court has thus "made" *Johnson* retroactive "through multiple holdings that logically dictate the retroactivity of the new rule," *Tyler*, 533 U.S. at 668 (O'Connor, J., concurring). *See Price*, 795 F.3d at 734 ("[I]n deciding that the residual clause is unconstitutionally vague, the Supreme Court prohibited 'a certain category of punishment for a class of defendants because of their status,'" and thus "the Court itself has made *Johnson* categorically retroactive to cases on collateral review."); *In re Watkins*, 810 F.3d at 383 ("Because *Johnson* prohibits the imposition of an increased sentence on those defendants whose status as armed career criminals is dependent on offenses that fall within the residual clause, . . . the [Supreme] Court itself has made *Johnson* categorically retroactive to cases on collateral review").

C.    **This motion is timely under 28 U.S.C. § 2255(f)(3).**

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-

year limitations period to run from "the date on which the right asserted was initially recognized by

the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Claridy filed his claim within

a year of that date.  As discussed above, the Supreme Court recognized a new right in *Johnson*, and

announced a substantive rule that is therefore retroactive to cases on collateral review.

III.   **The sentencing package doctrine warrants re-sentencing on all counts of conviction.**

This Court should re-sentence Mr. Claridy not just on the felon in possession count (Count

Three) but also on the drug counts (Counts One and Two).  When a district court vacates a sentence

under 28 U.S.C. § 2255, it has "broad and flexible power . . . to fashion an appropriate remedy."

*United States v. Smith*, 115 F.3d 241, 245 (4th Cir. 1997) (internal quotation marks and citation

omitted).  "This broad and flexible power is derived from the equitable nature of habeas corpus

relief."  *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997) (citing *United States v. Hillary*,

106 F.3d 1170, 1172) (4th Cir. 1997)) .  With this power, it is well settled that upon vacating a

conviction or sentence in a multi-count case, a district court has the authority to re-sentence a

defendant on all counts.  This judicial practice, known as the "sentencing package doctrine,"

recognizes that a sentencing court "construes the multiple sentences given a defendant convicted of

more than one count of a multiple count indictment as a 'package,' reflecting the likelihood that the

sentencing judge will have attempted to impose an overall punishment taking into account the nature

22

of the crimes and certain characteristics of the criminal. *When part of the sentence is set aside as illegal, the package 'is unbundled.' After the unbundling the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted." Handa*, 122 F.3d at 692 (emphasis added).

As the Eleventh Circuit clarified, "especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence – the 'sentencing package' – that reflects the guidelines and the relevant § 3553(a) factors. A criminal sentence in a multi-count case, is by its nature, 'a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines,' and the relevant § 3553(a) factors." *United States v. Flowers*, 749 F.3d 1010, 1015 (11th Cir. 2014). Therefore, "[t]he thinking is that when a conviction [or sentence] on one or more of the component counts is vacated . . . the district court should be free to reconstruct the sentencing package . . . to ensure, that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances." *Id.* In other words, "a criminal sentence in a multi-count case is inherently a package of sanctions that the district court utilizes to effectuate its sentencing intent, and once that package is opened and something is removed, the contents that remain may be fully revisited upon resentencing." *Id.* at 1016 (citations and internal quotation marks omitted). *See also Pepper v. United States*, 131 S. Ct. 1229, 1251 (2011) (explaining that because "[a] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent," which "may be undermined by altering one portion of the calculus, an appellate court when reversing one part of a defendant's sentence may

vacate the entire sentence so that, on remand, the trial court can reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a)") (alterations, citations, and quotation marks omitted); *Smith*, 115 F.3d at 245 (holding that after a successful collateral attack under § 2255, a district court has jurisdiction to unbundle the entire sentence under the sentencing package doctrine). *United States v. Hernandez*, 145 F.3d 1433, 1440-41 (11th Cir. 1998) ("In accord with our established precedent, since we must vacate the sentence based upon status as a 'career offender' and that portion of the sentence dealing with deportation, we vacate the entire sentence and remand for resentencing."); *United States v. Lail*, 814 F.2d 1529, 1530 (11th Cir. 1987) (rejecting a defendant's invitation to "simply vacate one of the sentences and leave the others in effect" because "the better course is to remand to the district court for resentencing").

This Court should apply the sentencing package doctrine here and re-sentence Mr. Claridy on all counts of conviction as courts "have routinely, without hesitation, and as a matter of course" done when "vacating a conviction or sentence on some, but not all, of the counts." *Fowler*, 749 F.3d at 1016. This is particularly necessary here where the counts of conviction were all grouped together, and this Court imposed one concurrent sentence for both counts.

## CONCLUSION

For the reasons set forth above, Mr. Claridy respectfully asks this Court to vacate his sentence and schedule a new hearing so that he can be re-sentenced without application of the ACCA. A proposed Order is attached.

24

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
PARESH S. PATEL,
Appellate Attorney
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600