**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

|  |  |  |
|---|---|---|
| **TIMOTHY CLARIDY,** | * | Crim. No. RDB-07-0244 |
| Petitioner, | * | Civil No. RDB-20-0501 |
| v. | * |  |
|  | * |  |
| **UNITED STATES OF AMERICA,** | * |  |
| Respondent. | * |  |
|  | * |  |

\* \* \* \* \*

**SUPPLEMENTAL MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255**
**AND HOLD CASE IN ABEYANCE**

Mr. Timothy Claridy, through undersigned counsel, hereby files this supplement to his pending 28 U.S.C. § 2255 motion (ECF No. 125). Specifically, he requests that this Court vacate his conviction under 28 U.S.C. § 2255 because his conviction was predicated on impermissible government conduct, particularly the lies of Officer Keith Allen Gladstone of the Baltimore City Police Department (BPD), resulting in a due process violation. These lies have now become evident through Officer Gladstone's federal indictment and conviction for fraudulent conduct in Case No. CCB-19-0094.

However, Mr. Claridy asks this Court to hold this case in abeyance for one year to permit him to supplement his § 2255 motion and negotiate a resolution with the government. The government, through Assistant United States Attorney Robert Harding, does not oppose the abeyance request. Mr. Claridy states the following in support of this motion:

1.      On July 2, 2008, a jury convicted Mr. Claridy of one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846, one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841, and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  On September 24, 2008, Mr. Claridy was sentenced to a total term of 240-months imprisonment.

2.      However, the conviction was predicated on the material lies of Officer Gladstone—who was the affiant of the search warrant that led to all seized evidence in the case.   Officer Gladstone was the central witness at Mr. Claridy's trial and hearing on his motion to suppress evidence and statements based on the violation of the Fourth and Fifth Amendments.

3.      Nonetheless, it was not until March 6, 2019—long after Mr. Claridy's conviction—that credible evidence of Officer Gladstone's propensity to lie in criminal cases materialized.  On that date, the government unsealed a federal indictment against Officer Gladstone that charged him with the following: one count of conspiring to deprive a victim of his civil rights by planting evidence against him and then lying about it in a statement of probable cause in violation of 18 U.S.C. § 241 (Count One);  one count of conspiring to commit an offense against the United States by lying in the statement of probable cause in violation of 18 U.S.C. § 371 (Count Two); and one count of witness tampering  by instructing another law enforcement officer to lie about the planting of evidence in violation of 18  U.S.C. § 1512 (Count Three).  ECF No. 1, Case No. CCB-19-0094.  On May 31, 2019, Officer Gladstone admitted to these lies and pled guilty to Count One.  ECF Nos. 18 and 19, Case No. CCB-19-0094.

4.      Officer Gladstone's indictment and conviction are new evidence that now shatters his credibility and confirms that he also lied in Mr. Claridy's case.  This "impermissible

government conduct" materially impacted the outcome in Mr. Claridy's case and violated his due process rights. *United States v. Fisher*, 711 F.3d 460, 467 (4th Cir. 2013). Therefore, the Fourth Circuit's decision in *Fisher* compels the vacatur of his conviction.

5.  The government, through Assistant United States Attorney Robert Harding, agrees that this motion is timely filed under 28 U.S.C. § 2255(f)(4). The government also agrees that this motion sufficiently pleads Mr. Claridy's *Fisher* claim and that Mr. Claridy has one year from today's date to supplement the motion. In the meantime, the Office of the Federal Public Defender will work with the government on a resolution of this matter.

WHEREFORE, Mr. Claridy respectfully asks this Court to vacate his conviction, but before ruling on this motion, he asks the Court to hold this case in abeyance for one year from the date of this filing to give him time to supplement the motion and negotiate a resolution with the government.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
PARESH S. PATEL
Assistant Federal Public Defender
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600]
paresh_patel@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of March 2020, a copy of the foregoing Supplemental Motion to Vacate Judgment Under 28 U.S.C. §2255 was delivered via electronic filing to Robert Harding, Assistant United States Attorney, Office of the United States Attorney, 36 South Charles Street, 4th Floor, Baltimore, Maryland 21201-2692.

_____/s/_____
PARESH S. PATEL
Assistant Federal Public Defender