**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Respondent,** | * | |
| | * | **CRIMINAL NO. RDB-07-0244** |
| **v.** | * | **CIVIL ACTION NO. RDB-25-2120** |
| | * | |
| **TIMOTHY LEE CLARIDY,** | * | |
| | * | |
| **Petitioner.** | * | |
| | * | |
| | ******* | |

**GOVERNMENT'S SURREPLY IN OPPOSITION TO PETITIONER'S AMENDED MOTION TO VACATE AND OPPOSITION TO MOTION TO BIFURCATE**

Petitioner Timothy Claridy is not entitled to relief under any of the legal theories he advances. His petition and the subsequent filings continue to suffer from the same infirmities the Government has identified on multiple occasions. The Court should deny Claridy's Motion to Vacate without an evidentiary hearing.

Instead of addressing the dispositive issues that require the Court to deny his motion, Claridy now requests the Court to engage in a quixotic side quest to address a factual issue, which no matter the result, will not entitle him to relief under any of the claims he currently brings. As addressed more fully below, Claridy requests that the Court explore issues surrounding the appointment of the Federal Public Defendant in relation to and the filing of a Motion for Early Termination of Supervised Release. But he never explains how if his accusations around these issues were proven true, why he would be entitled to the broader relief he seeks. That is because he cannot do so and is not entitled to relief as a matter of law. The Court should deny Claridy's Motion for Bifurcation.

## ARGUMENT

In its Second Partial Response, the Government carefully addressed each claim it believed Claridy was advancing and explained why each claim failed. (*See* ECF 157 at 3-15.) In his Reply, Claridy does not address many of the Government's arguments. Instead, he requests that the Court bifurcate the matter to first address the "non-authorized filing of a 'financial affidavit'" which resulted in the appointment of the Federal Public Defender and the filing of the Motion for Early Termination of Supervised Release. (ECF 189 at 1-2.) Perhaps realizing the futility of bifurcation, Claridy requests that if the Court were to find that his 28 U.S.C. § 2255 claims are "procedurally defaulted in this matter" then he seeks leave to amend his filings "to more specifically target arguments related to 'actual innocence' and under *Lasane*, [and] "'coram nobis.'" (*Id.* at 2.) The Government explains why both approaches cannot save Claridy's Motion to Vacate.

### I. The Circumstances Surrounding the Appointment of Counsel Do Not Entitle Claridy to Relief.

In support of his Reply, Claridy filed a 15 page affidavit. (ECF 189-1) In that affidavit, Claridy accuses the Federal Public Defender's Office ("FPD") of acting "without [his] informed consent" and in "potentially unethical" manner. (*Id.* ¶ 21.) According to Claridy, he was never told by the FPD that a motion to terminate his term of Supervised Release would be filed nor was he informed of the impact that would have on his ability to bring any civil claims. (*Id.* ¶ 22.) Claridy claims that he "never directly or indirectly authorized someone else" to file the Financial Affidavit, which resulted in the appointment of the FPD to represent him. (*Id.* ¶ 30.) He effectively foreswears all involvement with the Financial Affidavit. (*See id.* ¶¶ 32.)

Claridy's counsel argues that on the basis of Claridy's Affidavit "appropriate relief including perhaps under FRCP 60(b) may be appropriate." (ECF 189 at 2.) Then, in a footnote, Claridy's Counsel cites to *BLOM Bank SAL v. Honickman*, 605 U.S. 204 (2025).

The lack of specificity regarding the "appropriate relief" Claridy is entitled to and the citation to *Honickman* underscores why Claridy's concerns do not entitle him to relief in the context of the instant motion. Federal Rule of Civil Procedure 60(b) ("Rule 60b") provides grounds for relief from a final judgment, order, or proceeding under certain circumstances, none of which are at play in this criminal matter or Claridy's civil petition under 28 U.S.C. § 2255. The Court has not entered a final order or judgment dismissing Claridy's § 2255 petition. Moreover, Claridy does not argue that Rule 60b has any application to the order granting the Motion for Early Termination of Supervised Release. Rule 60b, accordingly, has no bearing on this matter at this time.

In his Affidavit, Claridy appears to suggest that a term Supervised Release could somehow be reimposed. (*See* ECF 189-1 ¶ 33.) Notably, Claridy's counsel does not argue this as a viable path forward in the Reply. That is likely because of the obvious Constitutional, ethical, and procedural concerns regarding imposing a new sentence after a previous sentence has been terminated by Court order.

At bottom, Claridy's concerns regarding the filing of the financial affidavit and the Motion for Early Termination of Supervise Release appear to be a red herring to distract the Court from the infirmities of his substantive claims. Critically, Claridy never explains how the alleged misconduct related to the appointment of the FPD and the filing of the motion impact his current claims for relief. As the Government previously explained, this alleged misconduct and any relief the Court can grant related to it cannot and will not fix the infirmities in his claims. (See ECF 157 at 6, n.2.) The Court should deny Claridy's request to bifurcate to address these alleged issues with the FPD, the financial affidavit, and the termination of supervised release.

## II. Amendment of the Petition Would be Futile.

Claridy styles the instant filing, in part, as a "Request . . . To Seek Leave Tor Additional Amended Complaint On "Actual Innocence" Should Fisher Claims Be Denied On Procedural Grounds." (ECF 189 at 1.) He requests that if the Court were to find that his 28 U.S.C. § 2255 claims are "procedurally defaulted in this matter" then he seeks leave to amend his filings "to more specifically target arguments related to 'actual innocence' and under *Lasane*, "'coram nobis.'" (*Id.* at 2.)

"The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure." *Fakhoury v. United States*, No. CR RDB-14-0178, 2016 WL 4939226, at *2 (D. Md. Sept. 14, 2016) "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986).

Here, amending the petition to address Claridy's "actual innocence" claim and improve upon his coram nobis claim would be futile because Claridy cannot excuse his delay in bringing the claims. Actual innocence allows a petitioner to challenge his conviction through what would otherwise be an improperly filed § 2255 motion. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (stating that the petitioner's claim could be reviewed in a collateral proceeding if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" (quoting *Murray v. Carrier*, 477 U.S. 478, 494 , (1986)). Actual innocence, however, is not an automatic excuse for delay. *See Cooper v. United States*, 2025 WL 2433268, at *5 n.7 (D.N.J. Aug. 22, 2025) (declining to excuse 7-year delay based on actual innocence). It typically excuses the delay where innocence is "clear and undisputed," like a change in the law. *United States v. Lesane*, 40 F.4th at 201 (parties agreed that a change in the law

invalidated the petitioner's firearm conviction); *see also United States v. Monroe*, 2025 WL 2418408, at *2 (M.D.N.C. Aug. 21, 2025) (noting that petitioner advancing a *Simmons* claim was "innocent on the face of the record"); *United States v. Patel*, 2024 WL 2355432, at *2 (4th Cir. May 23, 2024) (declining to excuse 6-year delay based on actual innocence). Similarly, the second factor the Court must examine to assess a coram nobis petition is whether "valid reasons exist for not attacking the conviction earlier[.]" *United States v. Lesane*, 40 F.4th 191, 195–96 (4th Cir. 2022). The "burden of proof is on the petitioner to offer valid reasons for the delay." *United States v. Riedl*, 496 F.3d 1003, 1008 (9th Cir. 2007).

The Government previously briefed numerous examples showing why Claridy's delay in raising his claims are fatal to his claims and will not repeat those specific arguments here. (*See* ECF 157 at 5-11.) In the same manner Claridy's failures to previously raise these claims are fatal to the claims, they also demonstrate the futility of amending his claims because the failure to previously raise the claims cannot be excused given the existing factual record Claridy readily admits to. If Claridy is taken at his word, he knew of the basis of the current claims since the day of his arrest. But he never raised the issue and cannot offer any sufficient explanation about why he did not do so.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the motion be denied.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

/s/
Stanton Lawyer
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201

**CERTIFICATE OF SERVICE**

I certify that, on August 11, 2026, I served this document on all counsel of record electronically via CM/ECF.

/s/
Stanton Lawyer
Assistant United States Attorney